[No. 7,749.—In Bank.]

## CLINTON GURNEE v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION—ACTION TO RECOVER REAL ESTATE—CONSTRUCTION OF CONSTITUTION.—Section 5 of article vi of the Constitution is prospective only in its operation.

ID.—ID.—ID.—The Superior Court of the City and County of San Francisco is the successor of the late Fifteenth District Court for that city and county, and succeeded to the jurisdiction of all cases pending in that court when abolished. *Held*, accordingly, in an action pending in the latter court to recover the possession of real estate situate in the county of Sonoma, that upon the abolition of that court the Superior Court acquired jurisdiction of the case.

APPLICATION for a writ of prohibition.

*G. A. Nourse*, for the Plaintiff.

By § 5 of article vi of the Constitution it is provided, that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate or any part thereof affected by such action or

actions is situated;" and by § 23 of article xxii it is provided, that "all records, books, papers, and proceedings from such Courts as are abolished by this Constitution shall be transferred on the 1st day of January, 1880, to the Courts provided for in this Constitution; and the Courts to which the same are thus transferred shall have the same power and jurisdiction over them *as if they had been in the first instance commenced, filed, or lodged therein.*" ˙ The Constitution does not provide that the Superior Court of each county shall be the successor of the District Court of the same county, but simply and generally that the business of the old Courts shall be transferred to the new; and the provision that the new Courts shall have the same power and jurisdiction over the cases thus transferred as if they had been originally commenced therein, necessarily implies that the transfer must be to the Court which has jurisdiction of the same class of cases, when newly commenced.

MORRISON, C. J.:

This is an application for a writ of prohibition, based upon the following facts, as set forth in the petition:

When the present Constitution went into effect, there was pending in the late District Court of the Fifteenth Judicial District, within and for the City and County of San Francisco, a certain action, wherein Joel S. Polack and Mary, his wife, were plaintiffs, and Clinton Gurnee and William S. Chapman, were defendants, which said action was brought for the recovery of certain real estate, situated in the County of Sonoma, in the State of California; and by an order of the Superior Court of the City and County of San Francisco, the records, papers, and proceedings in said action have been transferred to the Department of the Superior Court of said City and County presided over by the Hon. John Hunt. The petition charges that the said Hon. John Hunt "has unjustly and unlawfully, and in excess of the jurisdiction of said Court, and against the objection and protest of said defendants, assumed jurisdiction of said civil action, and of the parties thereto, and the subject-matter thereof; and that said John Hunt, so as aforesaid a Judge of said Court, while acting as such Judge of said Court has announced his intention to

cause to be entered in said Superior Court a judgment in said civil action for the recovery by the plaintiffs therein, from the defendants therein, of the possession of the real estate hereinbefore mentioned and described (situated in Sonoma County), and for other relief; and that the judgment of said Court will be entered in said action for the recovery by said plaintiffs therein, from said defendants therein, of the possession of said real estate, unless a writ of prohibition shall issue from the Supreme Court of the State of California, commanding said Superior Court and the Hon. John Hunt, Judge thereof, that they and each of them absolutely desist and refrain from any further proceedings in said action."

The question, and only question, for our consideration is, does the petition show that the Superior Court of the City and County of San Francisco has no jurisdiction to try and determine the case mentioned in said petition?

It is claimed, on behalf of the petitioner, that under the provisions of the Constitution, the Superior Court of Sonoma County has succeeded to the right and power to try the action, and that that is the Court to which the papers in the case should have been transferred. In support of this view, the learned counsel relies upon § 5, article vi, and § 3, article xxii, of the State Constitution. By the first section above referred to, it is provided, that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, *shall be commenced* in the county in which the real estate, or any part thereof affected by such action or actions, is situated:" and the latter section provides: "All courts now existing, save Justices' and Police Courts, are hereby abolished; and all records, books, papers, and proceedings from such courts as are abolished by this Constitution, shall be transfered on the first day of January, 1880, to the courts provided for in this Constitution; and the courts to which the same are thus transferred shall have the same power and jurisdiction over them as if they had been in the first instance commenced, filed, or lodged therein."

It clearly appears from § 5, that it was intended to be *prospective* only in its operation. The language is that all actions  *  *  *  shall be commenced in the county, etc.,

and neither in its language, nor in its spirit, does it apply to actions *already* commenced. It is a well-settled rule of construction, applicable alike to constitutions and statutes, that they are to be considered prospective and not retrospective in their operation, unless a contrary intention clearly appears.

At the time the action in question was brought, the Court in which the complaint was filed, that is to say, the Fifteenth District Court, had jurisdiction of the case, and its jurisdiction, or that of its successor, was not ousted or in any manner affected by any provisions contained in the Constitution. When, therefore, the Fifteenth District Court was abolished, and the Superior Court established in its place, that Court succeeded to its business, and had jurisdiction of all cases then pending in the District Court. It was the Superior Court of the City and County of San Francisco that became the successor to all the rights, power, and authority of the former District Court of said city and county, and in no sense did the Superior Court of Sonoma County become such successor. Entertaining, as we do, these views, it results that the Superior Court of the City and County of San Francisco has jurisdiction in the case, and the application for a writ of prohibition must, therefore, be denied. It is so ordered,

Myrick, J., Sharpstein, J., Ross, J., McKinstry, J., and Thornton, J., concurred.