CORNELIUS C. PEARCE, RELATOR, v. THE BOARD OF EDU-
CATION OF THE TOWNSHIP OF BRICK, IN THE
COUNTY OF OCEAN, RESPONDENTS.

Submitted December 4, 1913—Decided February 25, 1914.

The act providing for the retirement and pensioning of teachers,
    principals and superintendents employed in public school work
    (*Pamph. L.* 1912, *p.* 89) requires that the applicant for retire-
    ment shall have been engaged in public school work thirty-five
    years, and employed by the board of education, department or
    other body by whom he shall be retired for at least twenty years.
    The applicant had taught in the public schools of one township
    for thirty-five years, but in different school districts, employed
    by the boards of trustees of each respectively, as then authorized
    by law, from 1877 until 1894 when, by statute 1894 (*Pamph. L.,*
    *p.* 506), the several school districts in each township in the state
    were consolidated, and a single district created embracing the
    entire township, to be governed by a single board of education.
    After the consolidation the applicant continued to teach in the
    same township, employed by the board of education until 1912,
    when he applied to the board of education for retirement and
    pension. The application was refused upon the ground that as
    the board of education did not come into existence until 1894 he
    had not been in the employ of that board for twenty years.
    *Held,* that the legislative intent was to pension teachers who had

served for twenty years in the territory to be charged with payment of the pension under employment by the body empowered to employ teachers, and that it was not intended to destroy the continuity of employment and service by the consolidation of several districts under a single governing body.

On rule to show cause why *mandamus* should not issue.

Before Justices SWAYZE and BERGEN.

For the relator, *Durand, Ivins & Carton.*

For the respondents, *Frederic S. Wack.*

The opinion of the court was delivered by

BERGEN, J.   The relator was allowed a rule to show cause why a *mandamus* should not issue requiring the board of education of the township of Brick to retire him from duty as a teacher employed in the public schools of this state for thirty-five years and to pay him a pension as provided by an act entitled "An act to change and amend the title and body of an act entitled 'An act providing for the pensioning of school teachers in this state,' approved March fifth, one thousand nine hundred and three." *Pamph. L.* 1912, *p.* 89.

Counsel have submitted this case upon an agreed state of facts which show that the relator has taught in the public schools of Brick township for thirty-five years.   When he began teaching the township was divided into school districts, and during all this period he taught in different school districts in the same township, but in no one for twenty years.   In 1894 (*Pamph. L., p.* 506) all school districts in each township in the state were consolidated into one to be governed by a single board of education in place of district boards of trustees.   The relator commenced teaching in 1877 and concluded his services at the end of the school year 1912, a total of thirty-five years.   He thereupon applied to the board of education of the township of Brick to be pensioned under the act of 1912.   *Pamph. L., p.* 89.   The application was refused, and on appeal to the state superintendent this

was reversed and the right to a pension affirmed. The township then appealed to the state board, which sustained the result reached by the superintendent. The respondents, having refused to comply with the order, relator applied for and was allowed a rule to show cause why a peremptory or alternative writ of *mandamus* should not be allowed.

The act of 1912 (*Pamph. L., p.* 89) provides that any teacher who shall have been employed in public school work not less than thirty-five years shall be retired from duty on half pay, provided such teacher "shall have been employed at least twenty years by the board of education, department or other body by whom he or she shall be retired." And the question presented is whether, the relator having served in the township of Brick for thirty-five years, is entitled to the benefit of any part of such service prior to 1894 in computing the twenty years he is required to have been employed by the board of education to which he has applied for retirement and a pension.

We are of opinion that when the legislature, by the act of 1894, consolidated the school districts of all townships in the state and created a single board of education for each, it did not destroy the continuity of the service of a teacher in the consolidated district, and that previous service of a teacher in any part of the territory consolidated is to be taken, under the pension act, as a part of the continuous service; under the new organization required by the statute, which is twenty years' services within the township. There are two requirements, thirty-five years' service anywhere in the state, and twenty years within the jurisdiction of the board to which application for retirement is to be made. That this was the legislative intent is, we think, manifested by the legislative action relating to such pensions.

The first statute (*Pamph. L.* 1903, *p.* 33) provided that any school teacher who should have served as such in any school district for forty years consecutively should be, upon his application, retired upon half pay, to be provided by the body having charge of the finances of the district. To hold that the act of 1903 applies only to school districts created

by the act of 1894, would ascribe to the legislature the intent to pension teachers who had served boards of education of the several townships for a period of forty years when they had been in existence only nine years.

The only rational view of this legislation is that the word "district" in the act of 1903 is intended to describe a territory whether parts of a divided township, or the consolidation of all districts of a township into one, and therefore if a teacher had served for forty years within the consolidated district he was entitled to a pension at the expense of the consolidated district, payment to be provided for by the "body having charge of the finances of said district."

The act of 1903 was amended in 1906 (*Pamph. L., p.* 167) by extending the provisions of the act to principals and superintendents as well as teachers, and reducing the time of service to thirty-five years, with the proviso that they "shall have been employed at least twenty years in the district in which he or she shall be retired." This act uses the word "district," but it clearly means the territory within the "consolidated districts" mentioned in the act of 1894, and this for two reasons—*first,* the consolidated districts had not been in existence for thirty-five years, and *second,* no person to whom the act relates could have served as teacher, principal or superintendent for twenty years in any consolidated district when the act of 1906 was adopted, if the service is to be dated from 1894, and to accede to defendant's view we will have to credit the legislature with enacting a statute for the benefit of a class which could not possibly come into existence until nearly six years had elapsed.

In 1907 (*Pamph. L., p.* 286) the statute of 1906 was amended by extending the provisions of the act to persons employed in the "public school system" instead of in the "public schools" of the state. It also changed the provision from employment for twenty years "in the district in which he or she shall be retired" to employment "at least twenty years by the board of education or other body by which he or she shall be retired." The act of 1906, as well as that of 1907, requires the application to be made to the board of

education by whom the applicant "shall be employed," and the change in the proviso made in 1907 was manifestly intended to make it conform to the description of the body by whom the applicant shall be employed, and not to eliminate prior service in the district in which retirement is sought. The legislation on this subject uses the words "district" and "boards of education" as synonymous terms. The statute of 1906 requires that the teacher "shall have been employed at least twenty years in the district" in which he shall be retired, and at that time the district employer was the board of education, and had been since 1894, and the amendment of 1907 merely expresses the true employer, and ought not to be interpreted as intending to change the real employer and creating a new condition.

The act of 1912 (*Pamph. L., p.* 89) only amends the title of the act of 1903, and changes the word "system" in the second line of section 1 of the act of 1903, as amended in 1907, to "work." According to the literal import of the act of 1912 pensions can be allowed only after the applicant shall have been in the employment of the board of education ordering the retirement twenty years, and if computed from 1894, no such person was then within the terms of the act in any township where school districts were consolidated by the act of 1894.

We have no doubt that the legislative intent was to provide a pension for such teachers, principals and superintendents as may serve in public school work thirty-five years, provided they have served for twenty years within the territorial district governed by the board to which application may be made for retirement and pension, and while the legislature may provide for a class which cannot possibly be in existence when the act is adopted, the fact that it has done so may be considered in ascertaining its intent when interpreting a statute where the evident purpose is different from the literal import of the terms used to express it.

The evident intent of the legislature was to provide a pension for persons who had then taught, or might thereafter teach, in a public school thirty-five years, and to protect school

districts from the cost of it unless they had been given the benefit of such service for twenty years, without regard to the name of the board or trustees which had employed, and which the teacher had served during that period. The public burden was to be carried only by the locality having had the service for twenty years, and in this case that was the township of Brick.

The object designed to be reached by the act was the pensioning of persons employed in school work who then were, or might thereafter fall, within the .requirements of the act. The statute declares that "any teacher, principal or superintendent who shall have been employed," and clearly applies to persons in that class when the law was adopted. It is retrospective as well as prospective, and to limit it to prospective cases, as the contention of the defendant would require because there was then none within the class, would not in our opinion carry out the legislative intent, and such a construction should be put upon the statute as will best answer the intention of the makers. *Smith, Exr.,* v. *Tucker,* 2 *Harr.* 83.

The relator is entitled to an alternative writ of *mandamus,* and to that extent the rule is made absolute.