[Civ. No. 3907.   First Appellate District, Division One.—November 21, 1921.]

## ERNEST HOLMBERG, Appellant, v. THE CITY OF OAKLAND, Respondent.

[1] MUNICIPAL CORPORATIONS—CITY OF OAKLAND—ADDITIONAL BENEFITS FOR INJURED POLICEMEN—CHARTER PROVISION NOT RETROACTIVE.—Section 92½ of the charter of the city of Oakland, which went into effect on January 18, 1919, providing for additional benefits to those provided in article XIV of such charter for officers and members of the police department sustaining injuries in the performance of their duties, is not retroactive and cannot be given application to injuries sustained prior to the enactment.

[2] STATUTORY CONSTRUCTION — PROSPECTIVE OPERATION. — Legislative acts are not to be considered retrospective unless the intention to make them so clearly appears from their terms.

[3] ID. — COMPENSATION LAWS — MEASURE OF RECOVERY — OPERATIVE ENACTMENT AT TIME OF INJURY.—The state of a compensation law at the time of the injury is to be taken as the measure of the right of recovery of an injured person.

APPEAL from a judgment of the Superior Court of Alameda County.   Dudley Kinsell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Ostrander & Carey for Appellant.

Leon E. Gray, H. L. Hogan, Markell C. Baer and T. J. Ledwich for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the defendant in an action brought by the plaintiff to recover the sum of $358.75 alleged to be due for surgical services, hospital bills, etc., incurred and paid by the plaintiff while under treatment for injuries suffered by him while a patrolman on the police force of said city.

The date of the plaintiff's said injuries was October 3, 1914, and he continued to suffer therefrom up to and including March 16, 1920, at which date the operation was performed and the hospital and other medical bills contracted which form the basis of the present action.

The plaintiff rests his right of recovery upon the provisions of section 92½ of the city charter, which reads as follows: "Any officer or member of the police department sustaining an injury while in the performance of his duty shall be entitled to receive in addition to the benefits otherwise provided in article XIV of this charter such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members, as may be required during the continuance of his disability, the same to be provided by the City; and the Council shall allow such officer or member so injured full pay during the continuance of his disability, or until such time as he may be retired on a pension."

The defendant resists the plaintiff's claim upon the sole ground that the foregoing section of the city charter was enacted and went into effect on January 18, 1919, and that said section of the charter is not retroactive so as to be given application to injuries sustained prior to the said date when it became effective.

[1] We are entirely satisfied that this contention must be sustained.    [2]    It is a well-settled rule of this and many other states that legislative acts are not to be considered retrospective unless the intention to make them so clearly appears from their terms.    (*Willcox* v. *Edwards*, 162 Cal. 460 [Ann. Cas. 1913C, 1392, 123 Pac. 276] ; *Vanderbilt* v. *All Persons*, 163 Cal. 507 [126 Pac. 158] ; *Gurnee* v. *Superior Court*, 58 Cal. 88).    The authorities on this subject are thus summed up in the Encyclopedia of Law and Procedure: "It is a rule of statutory construction that all statutes are to be construed as having only a prospective operation, unless the purpose and intent of the legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used.    In every case of doubt the doubt must be solved against the retrospective effect."    (36 Cyc. 1205.)

When we look to the terms of the foregoing section of the charter upon which appellant relies we find not only that retrospection is not expressed in its terms, but, on the contrary, its use of the future tense imports that it was only intended to apply to conditions and remedies arising after the date of its adoption.    [3]    This conclusion is further enforced by the construction which has been quite uni-

formly applied to compensation laws, which is to the effect that the state of the law at the time of the injury is to be taken as the measure of the right of recovery of the injured person. It was so held by our supreme court in the case of *Hyman Bros. B. & L. Co.* v. *Industrial Acc. Com.*, 180 Cal. 423 [181 Pac. 784], and the rule therein stated follows in the line of the general authority in other jurisdictions (*Arizona etc. Co.* v. *Clark*, 207 Fed. 817 [125 C. C. A. 305]; *Soderstrom* v. *Curry*, 143 Minn. 154 [173 N. W. 649]; *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217 [96 Atl. 963]; *Baur* v. *Court of Common Pleas*, 88 N. J. L. 128 [95 Atl. 627]; *Deibeikis* v. *Link Belt Co.*, 261 Ill. 454 [Ann. Cas. 1915A, 241, 104 N. E. 211]).

The appellant further contends that while his original injury was admittedly sustained prior to the enactment of the section in question his injuries thus suffered and by which his right knee was affected were aggravated by the use of his injured limb in the continued performance of his duties as a patrolman, and that the operation for the recovery of the expense of which he brings this action was necessitated by this aggravation of his original injury, and that such operation was performed after the taking effect of the foregoing section of the charter.

It must be conceded by the appellant that his affliction, however long-continued and however aggravated by the ordinary use of his limb in walking, whether as a patrolman or otherwise, is referable to the original injury to his knee and is in no sense a new and independent injury—such an outcome and consequence as would have followed had the appellant not been a patrolman, but had been using his limb in the ordinary exercise of walking. It was, therefore, such an aggravation of his injury as did not arise peculiarly out of the performance of his official duty. This being so, the continuance and even increase of his disability with the resultant operation must be held to be referable to the original injury sustained by him on October 3, 1914, over four years before the section of the charter in question went into effect. Such section not being retrospective, it follows that the appellant was not entitled to the relief which he seeks in this action by virtue of its terms.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.