[Civ. No. 10621.   First Appellate District, Division One.—December 28, 1938.]

HUGH J. CARR, Appellant, v. FIRE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Joseph T. Curley for Appellant.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Respondents.

THE COURT.—This is an action for declaratory relief to determine the right of the plaintiff to retire with the rank of captain, or the rank of lieutenant, from the fire department of the city and county of San Francisco.

On the 11th day of June, 1931, plaintiff was an eligible for appointment as a captain on a civil service list which would expire within two days. The budget appropriation covering the position of captain made financial provision for eighty captains. Plaintiff, with four other lieutenants, was raised to a captaincy and the budget appropriation increased for a period of one year. A new charter became effective during the interim. Under its provisions the department was permitted to carry in service only the number set forth in the salary ordinance. Plaintiff was the first in a list of three to exceed the number specified in the budget ordinance and was returned by appropriate resolution to the civil service captains' eligible list.

Assuming, though not deciding, that plaintiff's assignment was effective in placing him in a legally created position of captain, his subsequent return to the rank of lieutenant by the board of fire commissioners was in compliance with the provisions of the charter empowering the board to reduce the force in conformity with the needs of the work in the department. (Sec. 20, New Charter of the

City and County of San Francisco, effective Jan. 8, 1932; Stats. 1931, pp. 2973, 2990.)

The facts in this case are not similar to the facts presented by appellant in the cases cited in his brief, wherein employees were arbitrarily reduced in rank and pay and others substituted in their particular positions. The reason set forth in the resolution returning the last three captains appointed, who stood lowest on the eligible list, to the rank of lieutenant was "to comply with the budget requirements". Whether the work could and should be performed by employees of a lower rank was a question left to the reasonable discretion of the proper authorities. The record in this case shows that the work was performed by plaintiff as a lieutenant prior and subsequent to his acting captaincy. If money was not available to pay the three extra captains, the need for work of the employees as captains ceased, though the work might be performed by others of a lower rank.

Plaintiff was retired on April 1, 1933, with a pension attached to the rank of lieutenant and has never been restored to active duty. At the time he was named a captain, the old charter of the city and county of San Francisco was in effect. Section 4 of chapter VII of article IX provided that for disability a member could be retired on a pension "equal to one-half the amount of the salary attached to the rank held by him at the time of retirement". At the period of his retirement, the new charter was in effect, which provided that the amount of the pension should be one-half of the salary held three years prior to the date of retirement. Plaintiff contends that the pension rights entered into the contract of employment between the city and county and plaintiff at the time of employment, and therefore became a vested right, and that he cannot be deprived of it by subsequent enactment of a different provision in the new charter.

The right to a pension is a continuing right (*Dryden v. Board of Pension Commrs.*, 6 Cal. (2d) 575, 581 [59 Pac. (2d) 104]), but the pensioner has no right to a specific sum, and the amount may be reasonably increased or decreased. (*Murphy v. City of Piedmont*, 17 Cal. App. (2d) 569, 574 [62 Pac. (2d) 614, 64 Pac. (2d) 399].) The right to a pension accrues upon the happening of an event. (*Klench v. Board of Pension Fund Commrs.*, 79 Cal. App. 171, 184

[249 Pac. 46] ; *Brooks* v. *Pension Board of the City of Ala-meda,* decided by this court December 22, 1938, *ante,* p. 118 [85 Pac. (2d) 956].)

█ The first contingency in this case was the disability of the plaintiff, which occurred when he occupied the position of a lieutenant. The second contingency was that he present proof that he had been a member of the department for a period of three years. If he had been raised in position and salary, then his pension, throughout his life, would be fixed in accordance with the salary attached to the rank held three years prior to the date of retirement. It is not unreasonable to require that an employee should hold a position for a fixed period of time before he is eligible for a pension. This condition was fair and just to appellant, who had actually served the allotted period. (*Pennie* v. *Reis,* 80 Cal. 266, 269 [22 Pac. 176].) A pension law may be changed or modified so long as the vital contingency has not happened upon which an employee may predicate his right to a pension.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1939.