[L. A. No. 18434.   In Bank.   Dec. 17, 1942.]

CHRISINDA J. RIGGS, Respondent, v. DISTRICT RE-
TIREMENT BOARD OF THE LOS ANGELES CITY
SCHOOLS et al., Appellants.

J. H. O'Connor, County Counsel, and W. B. McKesson,
Deputy County Counsel, for Appellants.

Henry C. Rohr for Respondent.

CARTER, J.—Defendants appeal from a judgment grant-
ing a writ of mandate commanding them to pay teachers'
retirement benefits to plaintiff, a teacher in the Los Angeles
City School District.

From the pleadings and the stipulation of facts the fol-
lowing facts appear.   The Culver City School District is in

Los Angeles County and adjoins the Los Angeles City School District. Plaintiff was employed as a teacher by the former district for six and one-half years prior to February 7, 1930. On February 1, 1930, she was assigned by the authorities of that district to teach in the Betsy Ross School located in that district. She taught in that school until February 7, 1930, when proceedings were consummated for the annexation of a portion of the Culver City School District to the Los Angeles City School District. The Betsy Ross School is located in the portion annexed. Plaintiff continued to teach at that school and her salary for the period from February 7, 1930, to June 30, 1930, was paid by the latter district, she being placed on the regular teaching staff on July 1, 1930, and continued with the performance of her duties there until she retired on June 30, 1939. Although it is stated in the stipulation of facts that plaintiff's employment was severed because of her having reached the age of sixty-five years, it was alleged in her complaint and not denied that she made application in January, 1940, for retirement payments because she had reached the age of sixty-five years and "because of illness was unable to continue her work." It may be said therefore that she retired because of disability. The Culver City School District at no time had a district retirement plan. Such a system was established by the Los Angeles City School District on September 1, 1937. Plaintiff became a member of that system and thereafter paid into the funds of the system all sums required to be paid by her up to June 30, 1939. The retirement system adopted by the Los Angeles City School District provided for retirement because of illness of a teacher who had fifteen years of teaching credit in the district.

The statutory provision, as it stood at the time of plaintiff's retirement, with reference to teachers' district retirement plans, as distinguished from state teachers' retirement systems read: "Every district retirement plan adopted pursuant to the provisions hereof, shall provide that only those teachers and other employees who have served as teachers or employees *of the district* for at least twenty years of full time service immediately preceding such retirement, and who shall have reached a minimum age specified in such district retirement plan, which age shall not be less than sixty years, shall be entitled to a district retirement salary; provided that such plan may provide for the retirement of teachers or other employees *on account of disability after fifteen years of service*

*immediately prior to the retirement,* the proportion of the disability retirement salary to the full retirement salary to be specified in the plan." (Emphasis added.) (School Code, § 5.1104.)

It is defendants' contention that the years served by plaintiff in the Culver City School District cannot be added to the service in the Los Angeles City School District after the partial annexation of the former to make the fifteen years required. Their basis for that view is the phrase "teachers or employees *of the district*" appearing in section 5.1104, which they argue requires that the teacher must have been an employee of the identical district for the period stated. We do not agree. It is to be noted that the sentence requiring fifteen years' service in event of disability, refers to employees "after fifteen years of service." The reasonable interpretation of the section is, that in computing the period of service, the employees of the district include the employees of a district or portion thereof, which has been annexed by a district which adopts a retirement plan. They are certainly employees of the district in that they were employees of the predecessor of the annexing district. Hence, the time of service in the annexed district may be added to the service in the annexing district. To construe the section otherwise would not only be a strained construction, but would add a restriction not contained therein. That would be contrary to the fundamental principle that pension statutes are to receive a liberal construction. (*Dillard* v. *City of Los Angeles,* 20 Cal.2d 599 [127 P.2d 917]; *Casserly* v. *City of Oakland,* 215 Cal. 600 [12 P.2d 425]; *Klench* v. *Board of Pension Fund Commrs.,* 79 Cal.App. 171 [249 P.46].) It has been held that it is proper to include time of service in several districts which were later consolidated to make up the required period of service (twenty years), where the statute required that the teacher be employed at least twenty years by the board of education by which he shall be retired. (*Pearce* v. *Board of Education,* 85 N.J.L. 520 [89 A. 1026].)

It is not material that only a portion of the territory of the Culver City School District was annexed by the Los Angeles City School District. If the period served in a district when annexed in its entirety may be considered, the same must be true in case of a partial annexation. Otherwise, the whole purpose of the retirement system could be thwarted by leaving out of the annexation proceedings an infinitesimal

portion of the annexed district. Here the plaintiff's salary was paid by the Los Angeles City School District after annexation for the balance of the year, and she was then formally placed on its teaching staff. She, with her past employment, was taken along with the territory annexed.

Defendants contend that the foregoing interpretation of section 5.1104 would render it unconstitutional as it would in effect authorize a gift of public funds (Cal.Const., art. IV, § 31), reasoning that if service in another district is permitted to be included in determining the right to retirement payments, there would be a gift of public funds because the payments would not be for services rendered to the district making the payments. We have seen that plaintiff was in effect an employee of the district, being employed by its predecessor. She has made the payments required in the retirement plan since its adoption and thus acquired an inchoate right to the pension, and she taught in the Los Angeles City School District schools after she acquired such right. It was said by this court in *Sweesy* v. *L. A. etc. Retirement Brd.*, 17 Cal.2d 356, 359 [110 P.2d 37], quoting from *O'Dea* v. *Cook*, 176 Cal. 659 [169 P. 366]:

"The decision in *O'Dea* v. *Cook, supra*, recognized that a pension ordinarily is not a gift or gratuity. It was there said: 'A pension is a gratuity *only* where it is granted for services previously rendered which at the time they were rendered gave rise to no legal obligation . . . But where, as here, services are rendered under a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment itself.' " (Emphasis added.)

In 1939, after the retirement of plaintiff, the Legislature added a new section to the School Code, reading: "Any district retirement plan heretofore or hereafter established by a governing board which governs more than one district may provide that service by any teacher, or other employee included in said plan, in all of the districts in which such teacher or other employee has served and for which said plan is adopted may be counted in the aggregate in determining eligibility toward retirement. The provisions of this section shall apply to any district which has become a part of any district for which a retirement plan is established by annexation, merger, consolidation or in any other manner." (School Code, § 5.1104a.) Counsel for plaintiff and defendants dis-

cuss the correct interpretation and application of that section to the instant case. However, it is unnecessary to determine those questions inasmuch as we have determined that plaintiff is entitled to the pension under section 5.1104, and at most the last sentence in the added section is nothing more than declaratory of the correct construction of section 5.1104. The reference therein to the annexation of any district is not to be construed to confine its application to an annexation of all the territory. A partial annexation is included.

Judgment affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Spence, J. pro tem., concurred.

Appellants' petition for a rehearing was denied January 14, 1943.