[S.F. No. 23357. In Bank. Apr. 26, 1976.]

RUSCEL DICKEY, Plaintiff and Appellant, v.
RETIREMENT BOARD OF THE CITY AND COUNTY
OF SAN FRANCISCO, Defendant and Respondent.

[S.F. No. 23358. In Bank. Apr. 26, 1976.]

KENNETH COUEY, Plaintiff and Appellant, v.
RETIREMENT BOARD OF THE CITY AND COUNTY
OF SAN FRANCISCO, Defendant and Respondent.

**COUNSEL**

George J. Engler for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, and Donald J. Garibaldi, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**SULLIVAN, J.**—In these two cases, consolidated on appeal, involving the separate applications of members of the San Francisco Police Department for full salary benefits, we must decide whether the decisions of defendant Retirement Board of the City and County of San Francisco (Board) denying the applications substantially affect a fundamental vested right so as to require the trial court on review to exercise its independent judgment on the evidence under the rules announced by this court in *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29].

In No. 23357, plaintiff Ruscel Dickey, on March 25, 1960, in the performance of duty suffered a disabling injury to his back. As a result, he received full salary disability benefits pursuant to section 8.515 of the San Francisco Charter[1] in 1960, 1963, 1964, 1966, 1967 and 1970. The latest disability payments terminated on December 29, 1970, because Dickey had received the full 12 months of benefits allowed by the above section of the charter.

On February 18, 1972, Dickey received an allegedly *new* injury to his back during the course of his duty when he reached over a desk and lifted a book weighing between 18 and 21 pounds. He was hospitalized for over two weeks and on March 16, 1972, returned to duty.

On May 19; 1972, Dickey filed with the Board an application requesting full pay disability benefits covering the period from February 21, 1972, to March 16, 1972, on the basis that he had been incapacitated for the performance of his duties as a result of the new injury to his back on February 18, 1972. After a hearing, the Board denied Dickey's application and Dickey sought review of the decision by administrative mandamus (Code Civ. Proc., § 1094.5). The trial court denied the petition for the writ. This appeal followed.

In No. 23358, plaintiff Kenneth Couey, on May 7, 1971, in the performance of duty tripped and fell while pursuing an escaping suspect. As a result of the fall, he sustained a fracture of a vertebra and on various occasions received full salary disability benefits. Subsequently, Couey was released by his doctor to "light duty" and thereafter assigned to a desk job in the Traffic Bureau.

Couey then filed with the Board an application requesting salary disability benefits claiming that he had become incapacitated to perform his regular duties as a result of the injury to his back on May 7, 1971. After a hearing, at which it was established that he was not incapacitated from performing light duty assignment as a police officer, the Board denied Couey's application and he sought review of the decision by

---

[1]Section 8.515 of the San Francisco City Charter provides in pertinent part: "Whenever any member of the . . . police department . . . is incapacitated for the performance of his duties by reason of any bodily injury received in or illness caused by the performance of his duty, as determined by the retirement board, he shall become entitled . . . to disability benefits equal to and in lieu of his salary as fixed by the charter, while so disabled, for a period or periods not exceeding twelve months in the aggregate, with respect to any one injury or illness."

administrative mandamus (Code Civ. Proc., § 1094.5). The trial court denied the petition for the writ. This appeal followed.

In the court below, each plaintiff sought a peremptory writ of mandate commanding the Board to set aside its decision on the ground that it was not supported by substantial evidence, thus properly invoking the rule of review then applicable to orders or decisions of local agencies. In fairness to the learned trial judge, it must be pointed out that it was not until two months after judgments were entered in these cases and even after the appeals were taken, that we handed down our decision in *Strumsky* holding that "the rule of review which was reaffirmed by us in *Bixby* v. *Pierno, supra,* for application to adjudicatory decisions by legislatively created agencies of statewide jurisdiction is equally applicable to decisions by 'local agencies' as well. [¶] We therefore hold that in all such cases, if the order or decision of the agency substantially affects a fundamental vested right, the court, in determining under section 1094.5 of the Code of Civil Procedure whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence. If, on the other hand, the order or decision does not substantially affect a fundamental vested right, the trial court's inquiry will be limited to a determination of whether or not the findings are supported by substantial evidence in light of the whole record. So that there will be no misunderstanding, we emphasize that this rule shall apply to all pending and future proceedings in trial courts and all pending and future appeals." (11 Cal.3d 28, 44-45.)

■ Since defendant Board is a local agency, we confront the pivotal question whether its decisions in the cases at bench substantially affect a fundamental vested right.

We consider first whether the right is vested. It is well settled that retirement benefit rights—including pensions whether for age and service, disability or death—are vested (*Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 45; *Kern* v. *City of Long Beach* (1947) 29 Cal.2d 848, 853 [179 P.2d 799]; *Dryden* v. *Board of Pension Commrs.* (1936) 6 Cal.2d 575, 579 [59 P.2d 104]; *O'Dea* v. *Cook* (1917) 176 Cal. 659, 661-662 [169 P. 366]). In *Strumsky* we held such a right to be vested so as to require application of the independent-judgment standard in reviewing the administrative decision of a local agency. Pension rights of police officers provided by city charters are

considered part of their compensation, serve as incentives toward public service, and vest at the time of their employment. "It has been clearly held that the pension provisions of the city charter are an integral portion of the contemplated compensation set forth in the contract of employment between the city and a member of the police department, and are an indispensable part of that contract, and that the right to a pension becomes a vested one upon acceptance of employment by an applicant." (*Dryden* v. *Board of Pension Commrs., supra,* 6 Cal.2d 575, 579.)

We can perceive no significant difference in this respect between provisions for pensions on retirement for disability and provisions for full salary payments for disability during active career employment. Each would appear to be a part of the contemplated compensation to police officers that would vest upon the acceptance of employment. The Board contends, however, that plaintiffs' rights to full salary disability benefits do not vest until all the contingencies have occurred, that is, until the police officer is incapacitated for the performance of his duties and such incapacity is determined to be the result of "bodily injury received in or illness caused by the performance of his duty." (See fn. 1 *ante.*) It is obvious that the officer would not be entitled to receive the benefits until all the conditions prescribed by the San Francisco City Charter have been met. However, as our above decisions make abundantly clear, the *right* to the benefits vests upon acceptance of employment although the right may be lost upon occurrence of a condition subsequent such as lawful termination of employment before it matures (see and compare *Kern* v. *City of Long Beach, supra,* 29 Cal.2d 848, 853) or may not be enforceable because of the nonoccurrence of one or more conditions precedent. (See and compare *Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 45-46; *Kern* v. *City of Long Beach, supra,* 29 Cal.2d 848, 853.)[2]

The Board relies on *Tyra* v. *Board of Police etc. Commrs.* (1948) 32 Cal.2d 666 [197 P.2d 710], in support of its contention that plaintiffs'

[2]It should be noted that the wife of a public employee does not have a separate vested right to a pension. Her right does not vest upon her husband's acceptance of employment but upon the happening of the contingency upon which her benefits are payable, such as his death. (*Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 45-46; *Packer* v. *Board of Retirement* (1950) 35 Cal.2d 212, 215 [217 P.2d 660]; *O'Dea* v. *Cook, supra,* 176 Cal. 659, 662.) This is because: "A pension to an employee's widow, however, is not given because of services rendered by her to the governmental body but is one of the elements of compensation held out to her husband" and thus does not vest upon employment. (*Packer* v. *Board of Retirement, supra,* 35 Cal.2d 212, 215; *Sweesey* v. *L. A. etc. Retirement Bd.* (1941) 17 Cal.2d 356, 363 [110 P.2d 37].)

rights to full salary disability benefits do not vest until the Board has determined that (a) the police officer is incapacitated for the performance of his duties and (b) such incapacity is service-connected. However, reliance on *Tyra* is misplaced since there the issue before the court was when the statute of limitations began to run on an application for a disability pension and not whether the right to the pension was vested or not. The period of limitations commenced when the board's duty *to pay* the pension attached. It was concluded by the *Tyra* court that this duty did not attach automatically upon the happening of the accident but only when the employee had become so disabled as a result of his injury as to necessitate his retirement from service. Said the court: "[I]t is not the illness or injury but the resulting inability to perform the work that is the controlling factor in establishing the right to a pension." (32 Cal.2d at p. 671.)[3] Accordingly we conclude that in the case at bench, the right to full salary disability benefits is vested.

We next turn to consider whether this right is "fundamental" within the meaning of *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 144 [93 Cal.Rptr. 234, 481 P.2d 242], and *Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 45-46. "In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation." (*Bixby* v. *Pierno, supra,* 4 Cal.3d at p. 144.) The Board contends that the right to full salary disability benefits is not "fundamental" within the meaning of this test by focusing upon the particular facts of the two cases and arguing that in the light of the actual disabilities incurred—three weeks disability in Dickey's case and disability requiring work on light duty in Couey's case—there is nothing in the record indicating "the kind of impact" on plaintiffs which would elevate their rights to the level of "fundamental." All that is truly at stake, argues the Board, is the difference between full salary disability benefits and regular workers' compensation benefits.

[3]There is a marked difference between the *vesting* of a pension right and the *accrual* of a cause of action to *enforce* a vested right as is pointed out by the *Tyra* court's reliance upon *Brooks* v. *Pension Board* (1938) 30 Cal.App.2d 118, 123 [85 P.2d 956]. In *Brooks* the court quoted *Dryden* to the effect that a police officer's rights to a pension vest at the time of employment, but then went on to note that although the right is vested, it is vested only as to a reasonable amount and the actual amount to be awarded depends upon the circumstances at the time the right accrues, that is, upon the retirement of the employee. The court stated it succinctly: "The right to a pension is a vested right; the amount of the pension may not always be ascertained until the last contingency has occurred." (*Id.,* at p. 123.)

However, the crucial question is not the actual amount of harm or damage in the particular case but the essential character of the right in human terms. Thus, the critical area of focus is the nature of the right to full salary disability benefits, since this is the right that vested upon plaintiffs' acceptance of employment. It seems quite clear that such a right is indeed "fundamental" as it directly affects an employee's ability to continue to support his family while incapable of working due to injury received as a result of his employment. In *Strumsky* we held a widow's right to a pension "fundamental" since it affected her ability to support herself without the need of employment. Here the right to salary payments while the employee is disabled substantially affects his ability to support himself and his family during this period. We are satisfied that it is fundamental.

Since in each of the cases before us, the Board's decision denying the application for full salary disability benefits substantially affects a vested fundamental right, the trial court on review must exercise its independent judgment on the evidence under the rules set forth in *Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, and *Bixby* v. *Pierno, supra,* 4 Cal.3d 130.

In each case (No. 23357 and No. 23358) the judgment is reversed and the cause is remanded to the trial court with directions to proceed in accordance with the views set forth in this opinion.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Richardson, J., concurred.

**CLARK, J.**—I dissent for the reasons set forth in my dissenting opinion in *Harlow* v. *Carleson* (1976) *ante,* pages 731, 739 [129 Cal.Rptr. 298, 548 P.2d 698].

Respondent's petition for a rehearing was denied May 26, 1976.