[No. B199870. Second Dist., Div. Seven. Sept. 3, 2008.]

AGNETA DOBOS, Plaintiff and Appellant, v.
VOLUNTARY PLAN ADMINISTRATORS, INC., et al., Defendants and
Respondents.

Counsel

Donna Bader for Plaintiff and Appellant.

Laquer Urban Clifford & Hodge, Robert S. Clifford and J. Paul Moorhead for Defendants and Respondents.

## Opinion

ZELON, J.—Appellant Agneta Dobos (Dobos) appeals from the trial court's judgment denying her petition for writ of administrative mandate brought against respondents Voluntary Plan Administrators, Inc., Long-Term Disability and Survivor Benefit Plan, and Chief Administrative Office, County of Los Angeles (collectively, Respondents). In her petition, Dobos challenged an administrative decision that upheld the denial of her application for benefits under the long-term disability benefit plan provided by her former employer, County of Los Angeles (the County). The trial court denied the petition on the grounds that Dobos did not meet the eligibility requirements of the plan because she was not employed by the County for the duration of a six-month qualifying period. We conclude that, based on the plain language of the Los Angeles County Code provisions setting forth the terms and conditions of the plan, Dobos had to be employed by the County until the end of the qualifying period to be eligible for long-term disability benefits. Because it is undisputed that Dobos's employment with the

County terminated before the expiration of the qualifying period, she was not eligible for benefits under the County's plan. Accordingly, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dobos began working for the County on December 17, 1984, as a temporary student nurse. She was hired by the County as a temporary staff nurse on October 16, 1985, and was promoted to a full-time permanent staff nurse on January 1, 1987. Dobos worked at the University of Southern California Medical Center, Women's Hospital.

On March 25, 1992, Dobos allegedly incurred a disabling injury at work. On that same date, the County suspended Dobos pending an investigation into allegations of misconduct. Dobos did not return to work for the County at any time after March 25, 1992. Following its investigation, the County terminated Dobos's employment effective April 28, 1992.

On October 5, 1992, approximately five months after her employment with the County ended, Dobos filed an application for long-term disability benefits under the County's Long-Term Disability and Survivor Benefit Plan (the Plan). In her application, Dobos alleged that she first became disabled on March 25, 1992. Voluntary Plan Administrators, Inc. (VPA), the third party administrator for the County's Plan, denied Dobos's application for benefits on the grounds that there was insufficient medical information to support her alleged disability. Dobos filed an appeal with VPA on June 18, 1993, and VPA upheld its decision on November 4, 1993.

On November 9, 1993, Dobos applied for Supplemental Security Income (SSI) disability benefits through the Social Security Administration. On October 30, 2003, following several additional applications and appeals, an administrative law judge found that Dobos was totally disabled and entitled to SSI disability benefits. In his decision, the administrative law judge also found that Dobos had been disabled since at least November 1, 1993.

On February 15, 2005, approximately 13 years after her employment with the County ended, Dobos filed a second application for long-term disability benefits under the County's Plan. In her second application, Dobos alleged that her disability was the direct result of an injury that arose out of the performance of her duties for the County. She also alleged that her first day of absence from work as a result of her disability was March 26, 1992, and that she had not attempted to return to work since that date. Because Dobos

had not returned to work following the denial of her first application for benefits, VPA agreed to review her original claim again, taking into account that Dobos subsequently had been approved for disability benefits by the Social Security Administration. On or about July 7, 2005, VPA denied Dobos's second application on the grounds that she failed to satisfy the Plan's eligibility requirements for long-term disability benefits. Specifically, VPA found that Dobos did not complete the six-month qualifying period during which an eligible employee must be totally and continuously disabled because her employment with the County terminated before the expiration of her qualifying period.

Dobos appealed the denial of her second application. The appeal was heard on April 10, 2006, before a hearing officer acting on behalf of the Los Angeles County Chief Administrative Office. On May 24, 2006, the hearing officer issued his findings and decision and upheld the denial. In his written decision, the hearing officer noted that the appeal was not about Dobos's medical eligibility or the reasons for her discharge, but was solely about "whether an individual is covered under the LTD program if they [sic] are no longer employed by [the County] at the end of the six month qualifying period." Based on his reading of the County's Plan as codified in the Los Angeles County Code, the hearing officer concluded that Dobos was not eligible for long-term disability benefits because she was not employed by the County at the expiration of the qualifying period.

On November 7, 2006, Dobos filed an amended petition for writ of administrative mandate in Los Angeles County Superior Court. In her petition, Dobos sought to challenge the administrative decision upholding VPA's denial of her application for benefits. She argued that the hearing officer erroneously interpreted the Los Angeles County Code provisions regarding benefit eligibility, asserting that the code merely required that she be employed by the County when she first became disabled rather than for the full duration of the six-month qualifying period. She also contended that any contrary reading would violate public policy because it would allow an employer to unilaterally control the payment of benefits by terminating disabled employees before their qualifying period ended.

On April 4, 2007, the trial court denied Dobos's writ petition. In its statement of decision, the court concluded that the relevant provisions of the Los Angeles County Code required that, to be eligible for long-term disability benefits, Dobos "had to be an employee when she became totally disabled . . . [,] had to remain an employee absent from work due to a total disability for a period of six months . . . [,] and . . . had to be an employee on

the first day following the expiration of the qualifying period." The court further concluded that Dobos was "not eligible for such benefits because she did not remain an employee for six months after March 25, 1992, and she was not an employee on the first day following the expiration of that period." The trial court entered judgment in favor of Respondents on May 9, 2007. On May 30, 2007, Dobos filed a timely notice of appeal.

## DISCUSSION

I. *Standard of Review*

Code of Civil Procedure section 1094.5 governs judicial review by administrative mandate of any final decision or order rendered by an administrative agency. (Code Civ. Proc., § 1094.5.) If the decision of an administrative agency substantially affects a fundamental vested right, such as the right to disability benefits, then the trial court must not only examine the administrative record for errors of law, but must also exercise its independent judgment on the evidence. (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 143 [93 Cal.Rptr. 234, 481 P.2d 242]; *Dickey v. Retirement Board* (1976) 16 Cal.3d 745, 751 [129 Cal.Rptr. 289, 548 P.2d 689].) In the appellate court, the appropriate standard of review is the substantial evidence test. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824 [85 Cal.Rptr.2d 696, 977 P.2d 693]; *Bixby v. Pierno, supra*, at pp. 143–144.) Therefore, where the trial court is required to exercise its independent judgment in an administrative mandamus proceeding, the appellate court reviews the record to determine whether the trial court's judgment is supported by substantial evidence. (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 218 [130 Cal.Rptr.2d 564]; *Mann v. Department of Motor Vehicles* (1999) 76 Cal.App.4th 312, 321 [90 Cal.Rptr.2d 277].)

Questions of law, on the other hand, are subject to a de novo standard of review. (*Stermer v. Board of Dental Examiners* (2002) 95 Cal.App.4th 128, 132–133 [115 Cal.Rptr.2d 294]; *Anserv Ins. Services, Inc. v. Kelso* (2000) 83 Cal.App.4th 197, 204 [99 Cal.Rptr.2d 357].) The proper interpretation of a statute, and its application to undisputed facts, presents a question of law that the appellate court reviews independently. (*Schutte & Koerting, Inc. v. Regional Water Quality Control Bd.* (2007) 158 Cal.App.4th 1373, 1384 [71 Cal.Rptr.3d 54]; *MHC Operating Limited Partnership v. City of San Jose, supra*, 106 Cal.App.4th at p. 219.) In this case, the central issue on appeal is the proper interpretation of the Los Angeles County Code provisions regarding eligibility for long-term disability benefits under the County's Plan. We accordingly review that issue under a de novo standard of review.

## II. *Dobos Was Not Eligible for Long-term Disability Benefits Under the Plain Language of the Los Angeles County Code*

■ The rules governing statutory interpretation are well settled. We begin with the fundamental principle that "[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]" (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) To ascertain that intent, "we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350].) The statute's every word and clause should be given effect so that no part or provision is rendered meaningless or inoperative. (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274 [41 Cal.Rptr.2d 220, 895 P.2d 56]; *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) Moreover, a statute is not to be read in isolation, but construed in context and " 'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778]; see also *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976] [" 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' "].)

The County's Plan for long-term disability benefits is codified at Los Angeles County Code, chapter 5.38.[1] Section 5.38.010 sets forth, in pertinent part, the following definitions:

"F. 'Eligible employee' means an employee who becomes totally disabled: [¶] 1. As a direct consequence and result of injury or disease arising out of and in the course of the performance of his or her assigned duties; or [¶] 2. After five years of continuous service with the county.

"G. 'Employee' means an employee of the county of Los Angeles who is a general member of the Los Angeles County Employees Retirement Association. General member does not include a safety member.

---

[1] Unless otherwise indicated, all further section references are to the County Code.

"[¶] . . . [¶] K. 'Qualifying period' means that a qualifying period shall be required with respect to any one period of disability and shall be a continuous period equal to the six months, commencing with the first day on which an eligible employee is absent from work due to a total disability, and during which he or she remains totally disabled except as provided below; however, this period shall not include any time prior to the operative date of the ordinance codified in this chapter. If the eligible employee ceases to be totally disabled and returns to work for less than an aggregate of 30 days during a qualifying period, any such cessation of total disability shall not interrupt continuity or extend the duration of the qualifying period used to determine the first day on which benefits commence, provided that the successive absences during the qualifying period are due to the same cause. In addition, the continuity of the qualifying period shall not be interrupted, nor shall the qualifying period be extended, merely because an eligible employee incurs a disability during such period that arises from a different and unrelated cause than that which initially caused the eligible employee to be absent from work as long as the eligible employee does not return to active employment at any time during the six months commencing with the first day on which the eligible employee was first absent from work due to a total disability." (Ch. 5.38, § 5.38.010, subds. F, G, K.)[2] Section 5.38.020 further provides that "[a]n eligible employee shall begin accruing a basic monthly benefit on the first day following the expiration of the qualifying period." (Ch. 5.38, § 5.38.020, subd. A.)

Relying on the definitions of "employee" and "qualifying period" contained in section 5.38.010, Respondents contend that the code requires that an applicant for long-term disability benefits be employed by the County at the expiration of the six-month qualifying period. They assert that, because Dobos's employment with the County ended on April 28, 1992, approximately one month after she was first absent from work due to a disability, she did not satisfy the qualifying period requirement and was thus ineligible for benefits. Focusing on the definition of "eligible employee," Dobos argues that the code merely requires that an applicant for long-term disability benefits be an employee of the County at the time he or she first becomes totally disabled, either as the result of an injury arising out of employment or after five years of continuous service. She claims that, because she was employed by the County on March 25, 1992, the date she first became totally disabled and unable to work, she was eligible for benefits irrespective of her employment status at the end of the qualifying period.

---

[2] Chapter 5.38 was amended in 2008. The definitions contained in section 5.38.010 were renumbered as a result, but the text of the above cited definitions did not change.

■ Based on the plain language of the enactment, we conclude that an applicant for long-term disability benefits under the County's Plan must be an employee of the County at the expiration of the six-month qualifying period to be eligible for benefits. We begin with the definition of "qualifying period." The term "qualifying period," as set forth in section 5.38.010, subdivision K, requires that an "eligible employee" be totally disabled for a continuous period of six months, commencing with the first day on which the eligible employee is "absent from work due to a total disability." (Ch. 5.38, § 5.38.010, subd. G.) An "eligible employee" is not entitled to any long-term disability benefits unless and until that employee has satisfied the qualifying period. (Ch. 5.38, § 5.38.020, subd. A.) The reference to an eligible employee being "absent from work" during the qualifying period supports the inference that, but for a total disability, the employee would otherwise be at work during that six-month period. (Ch. 5.38, § 5.38.010, subd. G.) This suggests that continuous employment with the County throughout the qualifying period is required to be eligible for benefits.

■ We next turn to the definition of "eligible employee." The definition of "eligible employee" is contained in section 5.38.010, subdivision F and consists of three requirements. To qualify as an "eligible employee," an applicant for long-term disability benefits must (1) be an "employee," (2) be totally disabled, and (3) have either five continuous years of service with the County or a disability that is the direct result of an injury or disease arising out of and in the course of employment. (Ch. 5.38, § 5.38.010, subd. F.) Accordingly, the class of "eligible employees" is a subset of the larger class of "employees."

■ "Employee" in turn is defined in section 5.38.010, subdivision G as "an employee of the county of Los Angeles who is a general member of the Los Angeles County Employees Retirement Association." (Ch. 5.38, § 5.38.010, subd. G.) Giving this definition its usual and ordinary meaning, an "employee" is a person who is employed by the County. It does not include persons who once were, but are no longer, County employees. Therefore, construing these definitions in context with each other, an applicant for long-term disability benefits must not only be an "employee" of the County at the time he or she becomes totally disabled and unable to work, but also must remain an "employee" of the County for the duration of the six-month "qualifying period" to be eligible for benefits.

Dobos argues that the definition of "disability beneficiary" set forth in section 5.38.010, subdivision E supports the reading that an "eligible employee" is not limited to current employees of the County. "Disability beneficiary" is defined by the code as "a former employee who has not retired from service under Retirement Plan E, and who either is receiving disability

benefits or is eligible to receive disability benefits." (Ch. 5.38, § 5.38.010, subd. E.) Focusing on the phrase "eligible to receive disability benefits," Dobos contends that a "former employee" would never be eligible to receive such benefits if the definition of "eligible employee" only applied to current County employees. We disagree with Dobos's reading. A former employee who was employed by the County for the duration of the six-month qualifying period and only thereafter discharged could be "eligible to receive disability benefits." Such a former employee would still qualify as a "disability beneficiary" under the code, but like any other applicant for benefits, he or she would have been subject to the same eligibility requirement of continuous employment with the County throughout the qualifying period. Furthermore, the fact that a "disability beneficiary" is defined specifically as a "former employee" reflects that the drafters distinguished between "employees" and "former employees" in defining the Plan's requirements, and further supports that the term "employee," as used in the code, does not encompass both current and former employees of the County.

Dobos also asserts that the written policy provided to employees supports the conclusion that an applicant for long-term disability benefits need not be employed by the County at the end of the qualifying period. The County's written policy consists of an eight-page document that summarizes the requirements set forth in chapter 5.38. It states that, to be eligible for long-term disability benefits, "an employee must . . . [b]e a general member of Retirement Plan A, B, C, D, or E . . . , [¶] and [¶] [b]e totally disabled, [¶] and either [¶] [h]ave completed five or more years of continuous County service, [¶] or [¶] [b]e totally disabled as a direct consequence and result of an injury or disease, which arose out of and in the course of the performance of the employee's assigned duties." It further states that "[a] qualifying period of six months is required before disability benefits may be paid," and that "[t]he qualifying period begins with the first day of absence from work by reason of the employee's total disability." There is nothing in the language of the policy, however, that is inconsistent with the code's requirement that an applicant for benefits be employed by the County at the end of the qualifying period. The policy does not provide that both current and former employees are eligible to apply for long-term disability benefits at any time, nor does it suggest that the qualifying period may be satisfied without regard to an applicant's employment status. Rather, it refers to persons who are eligible for benefits as "employees," and under the plain language of the code, an "employee" does not include an individual who is no longer employed by the County.

Dobos claims that construing the code to require current employment with the County would create an illusory promise by granting the County the

unilateral power to discharge employees without preserving their vested disability benefits. She also argues that such an interpretation would be contrary to public policy because it would allow an employer to discharge employees who are on disability-related leaves of absence in violation of both the Family and Medical Leave Act of 1993, 29 United States Code section 2601 et seq., and the Moore-Brown-Roberti Family Rights Act, Government Code section 12945.2. Notably, however, Dobos does not contend that the County terminated her employment because she took a disability leave or because she filed an application for long-term disability benefits. She simply asserts that such a scenario could exist for other disabled employees.

Dobos's argument is unavailing. To begin with, a County employee does not become entitled to long-term disability benefits until he or she completes the six-month qualifying period and satisfies the other requirements for eligibility. Thus, the County's decision to discharge an employee who has not yet met the eligibility criteria for reasons unrelated to his or her application for benefits does not deprive the employee of the right to any vested disability benefits. Moreover, contrary to Dobos's claim, the requirement that an applicant for benefits be employed by the County at the end of the qualifying period does not give the County free rein to discharge disabled employees in violation of state and federal law. To the extent that an employee is discharged because of a disability or in retaliation for taking a protected disability-related leave, he or she remains free to pursue a legal action against the employer for violation of any number of statutes, including the Family and Medical Leave Act, California's family rights act, the Americans with Disabilities Act of 1990, 42 United States Code section 12101 et seq., and the California Fair Employment and Housing Act, Government Code section 12900 et seq. The County's Plan simply requires that a disabled employee be employed by the County at the end of the qualifying period to be eligible for long-term disability benefits. It does not in any manner exempt the County from compliance with applicable state and federal laws protecting the rights of disabled employees.

III.  *The Trial Court Did Not Exceed Its Scope of Review*

Judicial review in an administrative mandamus action brought pursuant to Code of Civil Procedure section 1094.5 is limited to issues raised in the proceedings before the administrative agency. (*Pegues v. Civil Service Com.* (1998) 67 Cal.App.4th 95, 104 [78 Cal.Rptr.2d 705].) Therefore, a trial court cannot properly grant relief based on a legal theory not presented at the administrative proceeding. (*NBS Imaging Systems, Inc. v. State Bd. of Control* (1997) 60 Cal.App.4th 328, 337 [70 Cal.Rptr.2d 237].) Dobos asserts that the trial court exceeded its scope of review in denying her writ petition because the court did not limit its review to construing the code provisions on

eligibility for long-term disability benefits. Rather, Dobos claims, the court also considered the basis of her medical disability and the reasons for her discharge, and thereby denied her due process of law.

With respect to the basis of her medical disability, Dobos refers to the portion of the trial court's statement of decision that discussed her claim for SSI disability benefits. In response to Dobos's argument that the County was bound by the Social Security Administration finding that she was totally disabled as of November 1, 1993, the court stated that even "[a]ssuming that it is, it does not help [Dobos], because, by the time she became disabled, she had ceased to be an employee of the county for over 18 months." Contrary to Dobos's contention, the trial court was not drawing any conclusions about the nature of her disability in this statement, nor was it making any factual finding that Dobos first became disabled on November 1, 1993. The court was simply explaining how Dobos's assertion about the binding effect of the Social Security Administration ruling was not helpful to her argument regarding eligibility for County benefits because, at most, it established that she became disabled 18 months after her employment with the County ended. Nevertheless, for purposes of interpreting the requirements for eligibility under the County's Plan, the trial court accepted Dobos's allegation that she first became disabled on March 25, 1992, and concluded that, based on the language of the code, she was not eligible for benefits because she was not employed by the County six months after that date.

With respect to the reasons for her discharge, Dobos contends that the trial court erroneously found that she was trying to evade her termination of employment by claiming that she was disabled only after she was discharged by the County for cause. Dobos refers to the portion of the statement of decision in which the trial court addressed her argument that the County's interpretation of the code would give it power to unilaterally control the payment of long-term disability benefits by discharging employees during their qualifying period. In response to that argument, the trial court stated that Dobos's "contention does not fit the facts of this case, which are that it is [Dobos] who is trying to evade the termination of her employment for misconduct by belatedly claiming, AFTER SHE WAS TERMINATED, that she became disabled before her termination. [Dobos] was terminated on April 28, 1992, and did not claim that she had become disabled until October 5, 1992, five months later." Dobos asserts that there was no evidence presented at the administrative hearing to support such a finding on this issue.

We need not determine, however, whether the trial court erred in making this factual finding. Even if it was erroneous, the court did not rely on that finding in deciding that Dobos was ineligible for long-term disability benefits. The court instead based its decision on its interpretation of the code's

requirements for eligibility. The court concluded that the plain language of chapter 5.38 required that Dobos be employed by the County at the end of the qualifying period to be eligible for benefits and found that Dobos failed to satisfy such criteria because "she did not remain an employee for six months after March 25, 1992, and she was not an employee on the first day following the expiration of that period." This interpretation had nothing to do with the reasons for Dobos's discharge or the nature of her disability. Accordingly, the trial court did not exceed the scope of its review in ruling on Dobos's petition.

## IV. *The Trial Court Did Not Erroneously Rely on the Administrative Record*

Dobos also argues that the trial court erred in relying on the administrative record for its factual findings about the reasons for her discharge because the record on that issue was defective. According to Dobos, she testified at the administrative hearing about the circumstances surrounding her termination of employment, but her statements on the topic were inaudible and could not be accurately transcribed. She contends that because the administrative record regarding the reasons for her discharge was incomplete, the trial court committed reversible error in relying on the record to make factual findings on that issue. We disagree.

First, Dobos concedes that she is not now claiming, nor has she ever claimed, that the County terminated her employment in order to deny her long-term disability benefits. In fact, she admits that her notice of discharge and the onset of her disability occurred around the same time. Thus, Dobos's testimony about the reasons for her discharge is irrelevant and immaterial to the issues presented in this case. Second, as discussed above, the trial court's denial of Dobos's petition was not based on the reasons for her discharge, but on the legal conclusion that an applicant for long-term disability benefits must be employed by the County at the end of the qualifying period. The only facts that the trial court needed to decide whether Dobos met that eligibility criteria were the date on which she was first absent from work due to a total disability (Mar. 26, 1992) and the date on which her employment with the County ended (Apr. 28, 1992). Those facts were accurately represented in the administrative record and were not disputed by the parties at either the administrative or superior court proceedings. Therefore, the trial court properly relied on the administrative record in deciding that Dobos was ineligible for long-term disability benefits under the County's Plan because she did not satisfy the requirements for eligibility set forth in the Los Angeles County Code.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Perluss, P. J., and Woods, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 10, 2008, S167275.