Filed 1/14/14  Jhamb v. Housing Authority of City of Los Angeles CA2/5
Received for posting 1/17/14

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NEELAM JHAMB, | B237566 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS130589) |
| v. | |
| HOUSING AUTHORITY OF CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

Neelam Jhamb in pro. per. for Plaintiff and Appellant.

Joseph L. Stark & Associates, Joseph L. Stark for Defendant and Respondent.

Neelam Jhamb appeals the judgment entered upon denial of her Petition for Writ of Mandate, which challenged the action of the Housing Authority of the City of Los Angeles (HACLA) in terminating her "Section 8" housing benefits. Because substantial evidence supports both the trial court's finding that Jhamb had notice of the hearing and its ruling upholding HACLA's action, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Jhamb received Section 8 housing assistance beginning in 2001. Between 2001 and 2009, she was evicted from multiple housing units. HACLA decided to terminate Jhamb's housing assistance based on her last two evictions.

In the first of these two evictions, Jhamb's landlord filed an unlawful detainer action alleging serious violations of the lease of the apartment located 730 S. Serrano Street #11 in Los Angeles. Jhamb was notified by HACLA that if she lost the lawsuit, she could lose her Section 8 benefits. The landlord prevailed on the UD complaint, and evicted Jhamb in early August 2007. The landlord reported that Jhamb trashed the apartment before she left, and requested that HACLA inspect the apartment to document the damage. On August 7, 2007, a HACLA inspector completed a Complaint Inspection Form, verifying the "very bad condition" of the apartment and estimating damages at "well over $1,000."

Following that eviction, Jhamb rented an apartment at 9825 Laurel Canyon Boulevard in Pacoima pursuant to a lease dated December 8, 2007. On July 13, 2008, Jhamb was served with a Three Day Notice to Perform or Quit, stating that she was in breach of the lease by committing or permitting acts specifically prohibited by the lease; committing or permitting a nuisance in, or causing damage to, the apartment; refusing the owner reasonable access to the apartment in order to make repairs; allowing trash to accumulate in patios, balconies or inside the apartment; and failing to keep the apartment in a clean and sanitary condition. The notice stated "Tenant refuses to remove trash from common areas and trash accumulation in apartment. After notice to tenant, tenant refuses entry to apartment by manager, Section 8 inspector and Health Department inspector.

2

Trash is causing smell and cockroaches." A writ of possession was issued to the landlord, and Jhamb was evicted on December 19, 2008. At the landlord's request, HACLA inspected the apartment after Jhamb vacated it. The inspection report documented damages totaling $3,550, including the need for new carpeting and paint, repair or replacement of cabinets and closet doors, fumigation, and rental of a dumpster for removal of trash.

In August 2009, HACLA gave written notice to Jhamb of its intent to terminate her Section 8 benefits and advised her of her right to an informal hearing. Jhamb requested a hearing.

A hearing was scheduled for October 9, 2009. Upon receipt of notice of this hearing, Jhamb requested that HACLA accommodate her disability by having the hearing packet translated into Braille. HACLA attempted to comply with this request, but was unable to, as Jhamb did not sign and return an Authorization to Release Information form required for the translation. After two unsuccessful attempts to obtain Jhamb's consent to release her file, HACLA elected to move forward with the requested hearing. Notice of the rescheduled hearing was sent to Jhamb at her then current address by certified mail. The letter was returned to HACLA unclaimed.

A hearing was held on January 25, 2010; Jhamb did not appear. The hearing officer took evidence and heard the testimony of witnesses, including the landlords of the two apartments from which Jhamb was most recently evicted, as well as a County Health Inspector. All testified to the multiple lease violations committed by Jhamb, the substantial damage caused by her, and the squalid condition in which the units were kept. One landlord testified that Jhamb was responsible for over $3,500 in damage to his property, while the other put the figure at over $7,000.

The hearing officer issued her statement of decision on February 9, 2010. She concluded that, based on the evidence presented, the "record clearly established damage to the assisted unit occurred in excess of $1000. [¶] Based upon a preponderance of the evidence, the HACLA's proposal to terminate Complainant's housing assistance is upheld, pursuant to local, state, and federal regulations."

3

Jhamb filed a Petition for Writ of Mandate seeking review of the hearing officer's decision upholding the agency's termination of her Section 8 benefits. She maintained that she was denied due process of law because she received no notice of the rescheduled hearing.

The trial court denied the petition. It rejected Jhamb's claim that she did not receive notice of the hearing, finding that she knowingly and intentionally absented herself from the informal hearing. The court found Jhamb's testimony to be not credible, stating "I don't view you as credible" and "I don't accept anything you say as true," and her documentary evidence to be untrustworthy and not genuine.

Jhamb timely appealed the trial court's denial of her writ petition.

DISCUSSION

Our review of the trial court's ruling is limited to a determination of whether it is supported by substantial evidence. "Where a vested fundamental right is substantially affected by a determination of a legislative agency, the trial court, on an application for a writ of mandate, must review the case under the independent judgment test, i.e., the trial court must determine whether the weight of the evidence supports the agency's findings. (Code Civ. Proc., § 1094.5, subd. (c); see *Dickey v. Retirement Board* (1976) 16 Cal.3d 745, 751.) . . . . On our review of the trial court's judgment, . . . we must determine only whether substantial evidence supports the trial court's ruling. [Citations.]" (*Reynolds v. City of San Carlos* (1981) 126 Cal.App.3d 208, 217.)

The Section 8 Program provides federal housing assistance to low and very low income families. In Los Angeles, the program is administered by HACLA. The Department of Housing and Urban Development has issued regulations, beginning at 24 CFR 982, applicable to the Section 8 Program. 24 CFR § 982.552 provides that a housing authority administering Section 8 funds "must terminate program assistance for a family evicted from housing assisted under the program for serious violations of the lease." (24 CFR § 982.552(b)(2)). The same section later provides for discretionary termination of benefits "[i]f any member of the family has been evicted from federally

4

assisted housing in the last five years." (24 CFR § 982.552(c)(ii).) In addition, 24 CFR § 982.553(b)(1)(iii) requires that the administering authority establish rules that permit it to terminate benefits to participants who cause more than $1,000 in damages to a subsidized housing unit.

At the informal hearing convened to review HACLA's decision to terminate Jhamb's Section 8 benefits, HACLA submitted uncontroverted evidence that Jhamb had twice caused damage to her subsidized unit in excess of $1,000, and had twice been evicted from her subsidized unit in the preceding two years for substantial violations of the lease. Consequently, HACLA was obliged under federal law to terminate Jhamb's Section 8 benefits. The trial court's ruling upholding the decision to terminate Jhamb's housing benefits is supported by substantial evidence.

Jhamb challenges the decisions of both HACLA and the trial court by arguing that "[t]he Housing Authorit[y's] Representative Karla Alas lied that Neelam Jhamb was evicted for nonpayment of rent and damages" when she was in fact evicted for "poor housekeeping." The argument lacks merit. The record establishes that Jhamb was evicted for maintaining her unit in an unsanitary condition, which caused the premises to emit a foul odor and lead to a cockroach infestation among other things. In addition to causing the landlord to expend substantial sums of money to remediate these conditions, Jhamb's "poor housekeeping" affected the habitability of the neighboring apartments.

In sum, HACLA, the Administrative Hearing Officer and the trial court each had before them admissible evidence documenting the fact that Jhamb had been evicted from two subsidized housing units in the previous two-year period for serious lease violations, and had caused more than $1,000 in damages to each of those units. Jhamb has provided no basis for this court to reverse the decisions of the housing authority, the hearing officer, or the trial court.

Jhamb also complains that she was denied procedural due process because she did not receive notice of the hearing date. The argument is unavailing.

By letter dated January 13, 2010, Jhamb was notified that an informal hearing to review HACLA's decision to determinate her Section 8 benefit would be conducted on

5

January 25, 2010. The time and place of the hearing, as well as the name of the hearing officer, were included in the notice, which was addressed to Jhamb at her current address. The letter recounted HACLA's attempts to accommodate Jhamb's request for the hearing file to be translated into Braille, namely, that HACLA mailed a letter requesting the completion of an Authorization to Release Information form on December 3, and that a second request, sent by certified mail, return receipt requested, was mailed on December 16. There was no response to the requests for authorization. The Administrative Record includes evidence that the second letter was unclaimed by the addressee after three delivery attempts.

Evidence Code section 641 provides: "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." A presumption of receipt is rebutted by testimony denying receipt. (*Bear Creek Master Ass'n v. Edwards* (2005) 130 Cal.App.4th 1470, 1486.) However, "'the disappearance of the presumption does *not* mean there is insufficient evidence to support the trial court's finding [i.e., of receipt of notice].' (*Craig v. Brown & Root, Inc.* [(2000)] 84 Cal.App.4th [416,] 421.) "'[I]f the adverse party denies receipt, the presumption is gone from the case. [But] *[t]he trier of fact must then weigh the denial of receipt against the inference of receipt arising from proof of mailing and decide whether or not the letter was received.*"" (*Id.* at p. 422.)" (*Bear Creek Master Ass'n v. Edwards, supra,* at p. 1486.)

The trial court found that Jhamb had intentionally refused to accept the certified letter notifying her of the hearing date, resulting in her constructive receipt of the letter. This conclusion is supported by the reasoning of *Bear Creek Master Ass'n v. Edwards, supra*, 130 Cal.App.4th 1470. There, a homeowner attempted to defeat a foreclosure claim by asserting a lack of notice from the homeowner's refusal to accept certified mail. The appellate court stated: "The requirement to send the lien notices by certified mail cannot be defeated by the simple expedient of refusing to sign the return receipt. 'Where a statute provides for service by registered or certified mail, the addressee cannot assert failure of service when he willfully disregards a notice of certified mail delivered to his

6

address under circumstances where it can reasonably be inferred that the addressee was aware of the nature of the correspondence.' [Citation.]" (*Id.*, at p. 1487.)

The trial court had before it substantial evidence to support its conclusion that Jhamb intentionally refused receipt of notice of the hearing: Jhamb was aware that HACLA intended to terminate her housing benefits, and that an informal hearing to review that decision was pending. The notice was sent to Jhamb by certified mail at her then current address, which was the same address to which both the notice of her right to request an informal hearing and the decision of the hearing officer were mailed, both of which notices she received and responded to. Jhamb had demonstrated a pattern of requesting various accommodations, not appearing at scheduled proceedings, and refusing access to her apartment, all of which had the effect of postponing the adverse decision she was contesting. And the trial court believed Jhamb had fabricated evidence and concluded that she was not credible. Because the trial court's decision is supported by substantial evidence, we must affirm the ruling.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

MOSK, ACTING P. J.                    KRIEGLER, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7